1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9  BOXWAVE CORPORATION, a Nevada
   corporation,                                    NO. 2:11-cv-1285

10
                    Plaintiff,                     COMPLAINT FOR:

11
        v.                                         (1)  TRADEMARK COUNTERFEITING 15
12                                                      U.S.C. § 1114;

   C & A MARKETING, INC., a New York
13 corporation; DB ROTH INC., a New York           (2)  FEDERAL TRADEMARK
   corporation.                                         INFRINGEMENT 15 U.S.C. § 1114;

14
                    Defendants.                    (3)  FEDERAL UNFAIR COMPETITION 15
15                                                      U.S.C. § 1125(a);

16                                                 (4)  WASHINGTON STATE TRADEMARK
                                                        IMITATION, RCW 19.77, *et seq.*;
17
                                                   (5)  COMMON LAW TRADEMARK
18                                                      INFRINGEMENT AND UNFAIR
                                                        COMPETITION; and
19
                                                   (6)  TORTIOUS INTERFERENCE WITH
20                                                      BUSINESS EXPECTANCIES AND
                                                        RELATIONS.
21

22

23

COMPLAINT – 1

Plaintiff, BoxWave Corporation alleges as follows:

## I.  PARTIES.

1.1     Plaintiff BoxWave Corporation ("BoxWave") is a Nevada corporation with its principal place of business in Kirkland, Washington.

1.2.    Defendant C&A Marketing, Inc. ("C&A Marketing") is a New York corporation. On information and belief, C&A Marketing has offices in Ridgefield Park, New Jersey. C&A Marketing conducts its business under the names C&A Marketing and DB Roth at the websites www.candamarketinginc.com, www.dbroth.com, www.dbrothonline.com, www.amazon.com, and possibly others.

1.3     Defendant DB Roth, Inc. ("DB Roth") is a New York and/or a New Jersey corporation. On information and belief, DB Roth has offices in Ridgefield Park, New Jersey. DB Roth conducts its business in part through the websites www.dbroth.com, www.dbrothonline.com, www.amazon.com, and possibly others.

## II.  JURISDICTION AND VENUE.

2.1     The Court has subject matter jurisdiction over Count I and II pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The court has supplemental jurisdiction over Counts III-VI pursuant to 28 U.S.C § 1367.

2.2     The Court has personal jurisdiction over the Defendants because a substantial portion of the events alleged in support of the claims in this action occurred in the State of Washington and in this District. Defendants do business; advertise and promote their products and services; and have committed trademark counterfeiting, infringement, false designation of

COMPLAINT – 2

origin, unfair competition, and Washington Consumer Protection Act violations in Washington State and in this District.

2.3    Defendants have committed acts in this District in furtherance of the claims alleged herein, including violations of 15 U.S.C. § 1114 and 15 U.S.C. §1125(a). Venue is proper pursuant to 28 U.S.C. § 1391.

### III.  FACTS.

3.1    BoxWave is a retailer of accessories for cellular telephones and other mobile devices. BoxWave has been in business since 2002. BoxWave sells its products throughout the United States and throughout the world at www.boxwave.com and through other third-party retailers. One such third-party retailer BoxWave utilizes to sell its products is www.amazon.com.

3.2    From at least October 1, 2002, and continuously to the present, BoxWave has owned and used the trademark "BOXWAVE" and  in interstate commerce (the "BoxWave Marks"). On September 16, 2003, BoxWave filed applications to register the BoxWave Marks with the United States Patent and Trademark Office ("USPTO"). The BoxWave Marks were registered on the principal register of the USPTO on August 31, 2004 in International Class 035 for *online retail store services featuring computer accessories* (Registration Numbers 2,879,647 and 2,879,646). Copies of the Certificates of Registration issued by the USPTO are attached hereto as **Exhibit A**. The BoxWave Marks that have been registered with the USPTO are referred to herein as the "Registered BoxWave Marks".

3.3    On March 3, 2011, BoxWave filed applications to register the BoxWave Marks with the USPTO in International Class 009 for *cases for handheld electronic devices, namely, cellular phones, mobile phones, smart phones, personal digital assistants (PDA), cameras,*

COMPLAINT – 3

**IRONMARK LAW GROUP, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

*global positioning systems, and tablet computers; fitted plastic films, known as skins, for protecting consumer electronic devices, namely, cellular phones, mobile phones, smart phones, personal digital assistants (PDA), cameras, global positioning systems, tablet computers and video screen display apparatus; computer cables; chargers for handheld electronic devices, namely, cellular phones, mobile phones, smart phones, personal digital assistants (PDA), cameras, global positioning systems, and tablet computers; computer stylus for handheld electronic devices, namely, cellular phones, mobile phones, smart phones, personal digital assistants, cameras, global positioning systems, and electronic game devices; software for enabling connectivity between electronic devices namely computers, mobile phones and personal digital assistants (PDA); gaming software; text messaging software; software utilities for computers, mobile phones, personal digital assistants, and tablet computers.* These applications are currently pending at the USPTO, and were assigned Application Serial Numbers 76/706634 and 76/706635. From at least October 1, 2002, and continuously to the present, BoxWave has owned and used the BoxWave Marks interstate commerce in connection with the products identified in these applications.

3.4    From at least November 4, 2004, and continuously to the present, BoxWave has owned and used the trademark "FLEXISKIN" in interstate commerce (the "FlexiSkin Mark"). On February 16, 2007, BoxWave filed an application to register the FlexiSkin Mark with the USPTO. The FlexiSkin Mark was registered on the principal register of the USPTO on May 13, 2008 in International Class 009 for *cases for handheld electronic devices, namely, cellular phones, mobile phones, smart phones, personal digital assistants (PDA), cameras, global*

COMPLAINT – 4

*positioning systems, and tablet computers* (Registration Number 3,425,336). A copy of the Certificate of Registration issued by the USPTO is attached hereto as **Exhibit B**.

3.6     From at least March 28, 2005, and continuously to the present, BoxWave and has owned and used the trademark "VERSACHARGER" in interstate commerce (the "VersaCharger Mark") for *handheld pocket-sized device battery charger, namely for cellular phones, mobile phones, smart phones, personal digital assistants (PDA), cameras, global positioning systems, MP3 players, media players, and games, all within the handheld consumer electronics field*.

3.6     From at least November 9, 2010, and continuously to the present, BoxWave and has owned and used the trademark "KEYBOARD BUDDY" in interstate commerce (the "Keyboard Buddy Mark"). On March 9, 2011, BoxWave filed an application to register the Keyboard Buddy Mark with the USPTO in International Class 009 for "*peripherals, namely, protective cases and keyboards for mobile devices in the nature of cellular phones and smart phones*". This application is currently pending at the USPTO, and was assigned Application Serial Number 76/706716.

3.7     BoxWave also holds Washington State trademark registrations for "BOXWAVE" (the "State Mark").

3.8     Using the BoxWave Marks, FlexiSkin Mark and VersaCharger Mark, and the KeyBoard Buddy Mark (collectively "The Marks"), BoxWave has delivered products to customers worldwide. The BoxWave products sold under one or more of The Marks and the State Mark have received praise from consumers and numerous industry awards and accolades. BoxWave has invested substantial sums of time, money and effort to develop, use, advertise and promote each one of The Marks and the State Mark. As a result, The Marks and the State Mark

COMPLAINT – 5

**IRONMARK LAW GROUP, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

have become an integral and indispensable part of BoxWave's business and have accumulated a substantial amount of goodwill.

3.9 At least as early as April, 2011, BoxWave discovered Defendants using one or more of The Marks on www.amazon.com, www.dbroth.com, www.dbrothonline.com, and/or other websites to promote Defendants' products. BoxWave has not licensed or otherwise authorized Defendants to use its trademarks. It is believed and therefore alleged that Defendants' infringing use of BoxWave's trademarks began before April, 2011.

3.10 Defendant sell or have sold products on www.amazon.com using seller profile "DB Roth". At this time, it is unknown whether Defendants use or have used other seller profiles.

3.11 Defendants have used and currently use one or more of The Marks in listing titles, item descriptions, and/or keywords on www.amazon.com and other websites. By using The Marks in listing titles, item descriptions, and/or keywords, consumers will cause or is likely to cause consumers and the public to believe erroneously that the goods sold by Defendants originate from or are authorized, sponsored, or approved by BoxWave.  Examples of listings that use or used one or more of The Marks and the State Mark on www.amazon.com or other websites in listing titles, item descriptions, and/or keywords is attached hereto as **Exhibit C**.

3.12 On April 19, 2011 and again on April 25, 2011, counsel for BoxWave wrote Defendants and demanded that they cease infringement and use of BoxWave's trademarks. Through counsel, BoxWave also demanded that Defendants (a) remove all BoxWave's trademarks from www.amazon.com listings and any other website or public display they operate; (b) remove all of Defendants' listings of products it claimed to be associated with BoxWave; and

COMPLAINT – 6

**IRONMARK LAW GROUP, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

(c) confirm that Defendants will not engage in unauthorized use BoxWave's trademarks or represent that they sell BoxWave products in the future.

3.13    Defendants failed to comply with any notice provided by BoxWave and continue to systematically and continuously advertise and sell goods unlawfully using one or more of The Marks and the State Mark.

## IV.  COUNT I: TRADEMARK COUNTERFEITING.
### (15 U.S.C. § 1114)

4.1    BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

4.2    BoxWave is the owner of The Marks as alleged herein and holds federal trademark registrations for the Registered BoxWave Marks and the FlexiSkin Mark.

4.3    BoxWave has not authorized Defendants to use any of The Marks including, without limitation, the FlexiSkin Mark.

4.4    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the FlexiSkin Mark on goods covered by BoxWave's registration with the USPTO for the FlexiSkin Mark.

4.5    Defendants' use of the FlexiSkin Mark to advertise, promote, and sell products was and is without the consent of BoxWave.

4.6    Defendants' unauthorized use of the FlexiSkin Mark as set forth above is intended to cause and is likely to cause consumer confusion as to the source of the goods and to cause consumers to believe that Defendants' products are authorized or approved by BoxWave or that they are affiliated or endorsed by BoxWave in some manner.

COMPLAINT – 7

IRONMARK LAW GROUP, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

4.7     Defendants have and will continue to receive an unfair benefit of the goodwill associated with the FlexiSkin Mark by its counterfeiting and use of that trademark.

4.8     Defendants' acts constitute willful trademark counterfeiting in violation of 15 U.S.C. § 1114.

4.9     Defendants are liable to BoxWave for statutory damages pursuant to 15 U.S.C. § 1117(c) or, alternatively, three times BoxWave's damages and/or Defendants' illicit profits; and attorneys' fees pursuant to 15 U.S.C. § 1117(b).

4.8     BoxWave has no adequate remedy at law against Defendants' counterfeiting of the FlexiSkin Mark. Unless Defendants are preliminarily and permanently counterfeiting as alleged herein, BoxWave will continue to suffer irreparable harm. BoxWave seeks preliminary and permanent injunctive relief enjoining Defendants from use of the FlexiSkin Mark.

### V.  COUNT II:  FEDERAL TRADEMARK INFRINGEMENT.
(15 U.S.C. § 1114)

5.1     BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

5.2     BoxWave is the owner of The Marks as alleged herein and holds federal trademark registrations for the Registered BoxWave Marks and the FlexiSkin Mark.

5.3     BoxWave has not authorized Defendants to use any of the BoxWave Marks or the FlexiSkin Mark.

5.4     Defendants' use of the terms "Boxwave", "Flexiskin" and/or any confusingly similar terms in connection with the sale of goods and/or services as alleged herein is deceptive, misleading and is likely to cause consumer confusion and mistake of the type described by the Lanham Act. Defendants' use of "Boxwave", "Flexiskin" and/or other similar terms in

COMPLAINT – 8

IRONMARK LAW GROUP, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

connection with the sale of products as alleged herein is likely to divert BoxWave's customers to Defendants' product listings on www.amazon.com and other websites.

5.5     For the reasons alleged herein, Defendants' use of the term "BoxWave" infringes on BoxWave's federal trademark rights in the Registered BoxWave Marks, and the FlexiSkin Mark, and deprives BoxWave of the benefit and goodwill of those trademarks.

5.6     On information and belief it is alleged that Defendants were and are aware that use of the "Boxwave", "Flexiskin" and/or any confusingly similar terms in connection with the sale of their goods and/or services infringes on BoxWave's trademark rights. Defendants have and continue to infringe on BoxWave's trademark rights knowingly, willfully, and with the intent of causing consumer confusion.

5.7     As a direct and proximate result of Defendants' trademark infringement as alleged herein, BoxWave has been, and continues to be, injured in its business and property and has sustained, and will continue to sustain, monetary damages to its business, goodwill, reputation and profits in amount to be proven in trial. BoxWave is entitled to an award of Defendants' profits, exemplary damages, and award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

5.8     BoxWave has no adequate remedy at law against Defendants' infringement of the BoxWave Marks and the FlexiSkin Mark. Unless Defendants are preliminarily and permanently enjoined from use of the BoxWave Marks and the FlexiSkin Mark as alleged herein, BoxWave will continue to suffer irreparable harm. BoxWave seeks preliminary and permanent injunctive relief enjoining Defendants from use of the BoxWave Marks and the FlexiSkin Mark and any confusingly similar terms.

COMPLAINT – 9

## VI.  COUNT III:  FEDERAL UNFAIR COMPETITION.
### (15 U.S.C. § 1125(a))

6.1     BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

6.2     Defendants' use of The Marks, the State Mark, and/or any confusingly similar terms in connection with goods or services in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with BoxWave, or as to the origin, sponsorship, or approval of Defendants' goods and/or services. Defendants' actions as alleged herein constitute false designation of origin, unfair competition, false representations and false advertising pursuant to 15 U.S.C. § 1125(a).

6.3     As a direct and proximate result of Defendants' false designation of origin, unfair competition, false representations and false advertising as alleged herein, BoxWave has been, and continues to be, injured in its business and property and has sustained, and will continue to sustain, monetary damages to its business, goodwill, reputation and profits in amount to be proven in trial. BoxWave is entitled to an award of Defendants' profits, exemplary damages, and award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

6.4     BoxWave has no adequate remedy at law against Defendants' violations of 15 U.S.C. § 1125(a). Unless Defendants are preliminarily and permanently enjoined from their false designation of origin, unfair competition, false representations and false advertising as alleged herein, BoxWave will continue to suffer irreparable harm. BoxWave seeks preliminary and permanent injunctive relief enjoining Defendants from use of The Marks, the State Mark and any confusingly similar term.

COMPLAINT – 10

IRONMARK LAW GROUP, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

## VII.  COUNT VI:  WASHINGTON STATE TRADEMARK IMITATION.
(RCW 19.77, *et seq.*)

7.1    BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

7.2    BoxWave is the owner of the State Mark as alleged herein.

7.3    Defendants' use of the the State Mark and/or any confusingly similar terms in connection with the sale of goods and/or services in the state of Washington as alleged herein is misleading and is likely to cause consumer confusion and mistake.

7.4    Defendants' use the State Mark and/or similar terms in connection with the sale of goods and/or services in the state of Washington infringes BoxWave's trademark rights in the State Mark and deprives BoxWave of the benefit and goodwill of the same.

7.5    On information and belief it is alleged that Defendants were and are aware that their use of the "Boxwave" and/or any confusingly similar terms in connection with the sale of goods and/or services infringes on BoxWave's Washington State trademark rights. Defendants have and continue to infringe on BoxWave's Washington State trademark rights knowingly, willfully, and with the intent of causing consumer confusion.

7.6    As a direct and proximate result of Defendants' infringement of the State Mark as alleged herein, BoxWave has been and continues to be injured in its business and property, and has sustained and will continue to sustain monetary damages to its business, goodwill, reputation and profits in amount to be proven in trial. BoxWave is entitled to an award of Defendants' profits and award of attorneys' fees pursuant to RCW 19.77, *et seq.*

7.7    BoxWave has no adequate remedy at law against Defendants' infringement of the State Mark. Unless Defendants are preliminarily and permanently enjoined from their unlawful

COMPLAINT – 11

use of the State Mark as alleged herein, BoxWave will continue to suffer irreparable harm. BoxWave seeks preliminary and permanent injunctive relief enjoining Defendants from use of the State Mark and any confusingly similar terms.

### VIII.  COUNT V:  WASHINGTON STATE CONSUMER PROTECTION ACT.
(RCW 19.86, *et seq.*)

8.1    BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

8.2    Defendants engaged in unfair and deceptive acts or practices as alleged herein, including, but not limited to the unauthorized and infringing use of BoxWave's federal, state, and common law trademarks in connection with the marketing and sale of goods and/or services.

8.3    Defendants' deceptive acts or practices injured BoxWave and its business.

8.4    Defendants' actions affect the interest of the general public in that the unauthorized and infringing use of BoxWave's federal, state, and common law trademarks in connection with the marketing and sale of goods and/or services misleads and confuses the public and consumers as to the source of the goods and/or services.

8.5    BoxWave has suffered damages relating Defendants' violation of the Consumer Protection Act (RCW 19.86, *et seq.*) in an amount to be proven at trial.

8.6    BoxWave seeks, and is entitled to recover, its actual damages, together with the costs of suit, including reasonable attorney's fees. BoxWave seeks and is entitled to recover an award of damages of up to three times the amount of the actual damages sustained.

8.7    BoxWave has no adequate remedy at law to redress the damage as a result of Defendants' Consumer Protection Act violations as alleged herein. Unless Defendants are preliminarily and permanently enjoined from their Consumer Protection Act violations,

COMPLAINT – 12

IRONMARK LAW GROUP, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

including, but not limited to the unauthorized and infringing use of BoxWave's federal, state, and common law trademarks as alleged herein, BoxWave will continue to suffer irreparable harm. BoxWave seeks preliminary and permanent injunctive relief enjoining Defendants from the unauthorized and infringing use of BoxWave's federal, state, and common law trademarks and any confusingly similar terms.

### IX.  COUNT VI:  COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION.

9.1     BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

9.2     Defendants' use of The Marks and/or any confusingly similar terms in connection with the sale of goods and/or services as alleged herein is misleading and is likely to cause consumer confusion and mistake and deprives BoxWave of the benefit and goodwill of The Marks.

9.3     BoxWave seeks, and is entitled to recover damages as a result of Defendants' common law trademark infringement and unfair competition in an amount to be proved at trial.

9.4     BoxWave has no adequate remedy at law to redress the damage as a result of Defendants' common law trademark infringement and unfair competition as alleged herein. Unless Defendants are preliminarily and permanently enjoined from their unauthorized and infringing use of BoxWave's common law trademarks and/or any confusingly similar terms as alleged herein, BoxWave will continue to suffer irreparable harm. BoxWave seeks preliminary and permanent injunctive relief enjoining Defendants from their unauthorized and infringing use of BoxWave's common law trademarks and any confusingly similar terms.

COMPLAINT – 13

IRONMARK LAW GROUP, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington  98103
Tel: (206) 547-1914
Fax: (206) 260-3688

## X.  COUNT VII:  TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES AND RELATIONS.

10.1    BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

10.2    BoxWave has a valid interest in its business expectancies and relationships, including, but not limited to its current and future customers.

10.3    Defendants, by their unauthorized and infringing use of BoxWave's trademarks as alleged herein, tortiously interfered with BoxWave's business expectancies and relationships.

10.4    As the direct and proximate result of Defendants' tortious interference with BoxWave's business expectancies and relationships, BoxWave has suffered and continues to suffer damages, both direct and consequential.

10.5    BoxWave is entitled to injunctive relief as well as judgment against Defendants for all damages, direct and consequential, in an amount to be proven at trial.

## XI.  RESERVATION.

11.1    BoxWave re-alleges and incorporates herein by reference the allegations set forth above as part of this cause of action.

11.2    BoxWave reserves the right to add other defendants, claims and causes of action based upon investigation and discovery as it develops in this case.

## XII.    RELIEF REQUESTED.

WHEREFORE, plaintiff BoxWave requests relief as follows:

1.    Injunctive relief preliminarily and permanently restraining and enjoining Defendants, their agents, servants, employees and all others in active concert or participation with Defendants from further infringing on BoxWave's trademarks in any manner.

COMPLAINT – 14

2.      An award of damages suffered by BoxWave as a result of Defendants' infringement of BoxWave's federal trademarks, federal unfair competition, state and common law trademark infringement, unfair competition, Consumer Protection Act violations, and tortious interference with business relationships.

3.      An accounting by Defendants of all gains, profits and advantages derived by Defendants as a result of the acts alleged herein.

4.      An order directing Defendants to disgorge and pay to BoxWave Defendants' profits as a result of the acts alleged herein.

5.      An award of statutory and/or exemplary damages under 15 U.S.C. § 1117, RCW 19.77, *et seq.*, and/or RCW 19.86, *et seq.*

6.      An award of attorney's fees and cost as permitted by statute.

7.      For such other relief as the Court deems just and proper.

### XIII.   JURY DEMAND.

BoxWave requests a trial by jury on all issues triable by a jury.

DATED this 3rd day of August, 2011

IRONMARK LAW GROUP, PLLC

By_____s/Nicholas R. Gunn/_____
   Nicholas R. Gunn, WSBA No. 36926
   Christopher S. Beer, WSBA No. 27426
   2311 N. 45th Street, Suite 365
   Seattle, Washington 98103
   Tel: (206) 547-1914
   Fax: (206) 260-3688
   Email:  nrgunn@ironmarklaw.com
           csbeer@ironmarklaw.com
   Attorneys for BoxWave Corporation

COMPLAINT – 15